UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNOVA RESEARCH SRL, <br> Plaintiff, <br> v. <br> BEEBELL INC., <br> Defendant. | Case No. 16-cv-05114-KAW <br><br> **ORDER GRANTING MOTION TO WITHDRAW** <br> Re: Dkt. No. 74 |

Attorney Jack V. Valinoti moves to withdraw his firm as Defendant Beebell Inc.'s counsel. (Mot. to Withdraw, Dkt. No. 74.) Neither Defendant nor Plaintiff Ennova Research SRL filed an opposition to Attorney Valinoti's motion to withdraw. The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and vacates the hearing set for September 20, 2018. Having reviewed the filings, the Court GRANTS Attorney Valinoti's motion to withdraw as counsel.

## I. BACKGROUND

Plaintiff filed the instant case against Defendant on September 6, 2016, asserting a breach of contract. (Dkt. No. 1.) Defendant initially did not appear, and Plaintiff filed a motion for default judgment. (Dkt. No. 12.) At the hearing on Plaintiff's motion for default judgment, Defendant's CEO, Cosimo Spera, appeared pro se. (Dkt. No. 27.) The Court gave Defendant time to seek counsel. (*Id.*)

On March 2, 2017, Attorney Valinoti appeared on behalf of Defendant. (Dkt. No. 35.) Defendant filed a motion to set aside entry of default, which the Court granted. (Dkt. No. 44.) The parties ultimately settled the case, and judgment was entered. (Dkt. Nos. 58, 59.) Defendant, however, failed to satisfy the judgment, and Plaintiff filed an ex parte motion to conduct a debtor's

exam as to Defendant. (Dkt. No. 63.) Plaintiff's motion was granted, and the parties held two debtor's exams. (Dkt. Nos. 64, 65, 68.) Defendant, however, failed to provide certain documents, and Plaintiff moved for sanctions against both Defendant and Attorney Valinoti. (Dkt. No. 69.)

On August 3, 2018, Attorney Valinoti moved to withdraw, on the ground that Defendant's failure to comply with counsel's instructions and to timely pay counsel's invoices has made it unreasonably difficult for counsel to effectively represent Defendant. (Mot. to Withdraw at 2.) Attorney Valinoti informed Defendant of his firm's intent to seek leave to withdraw as counsel. (Valinoti Decl. ¶ 10, Dkt. No. 74-2.) Neither Defendant nor Plaintiff, however, filed an opposition to Attorney Valinoti's motion.

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a),"[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The rule further provides that:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to withdrawal by attorney). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw. Counsel may withdraw from representation in any matter in which the client "breaches an agreement or obligation to the member as to expenses or fees," has made it "unreasonably difficult for the member to carry out the employment effectively," or "knowingly and freely assents to termination of the employment." Cal. Rules of Prof'l Conduct 3-700(C)(1)(d), (f) & (C)(5). The court has discretion to grant or deny a motion to withdraw, and it can exercise that discretion, and decide to deny such a motion,

"where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, Case No. 03-cv-5495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (internal citation and quotations omitted).

### III. DISCUSSION

Attorney Valinoti moves to withdraw on the ground that his client has failed to comply with his instructions, specifically producing all of the documents the Court required Defendant to produce to Plaintiff. (Valinoti Decl. ¶ 6.) This has resulted in Plaintiff filing a motion for sanctions against Defendant and Defendant's counsel. (*See* Dkt. No. 69.) Attorney Valinoti also states that Defendant has failed to timely pay his invoices, and that Defendant has not made arrangements to bring its account current. (Valinoti Decl. ¶ 7.) Thus, Attorney Valinoti states that "Defendant's conduct has made it unreasonably difficult for [his firm] to effectively represent Defendant in this matter." (Valinoti Decl. ¶ 8.)

The Court finds that good cause exists to grant Attorney Valinoti's motion to withdraw. Attorney Valinoti has attested that Defendant has failed to comply with his instructions -- including complying with the Court's orders as to the production of documents -- and that Defendant has not timely paid its legal bills. Both of these are valid grounds for withdrawal. Further, although Plaintiff and Defendant were served with Attorney Valinoti's motion to withdraw, neither objected to the motion. Thus, there has been no showing that withdrawal would work an injustice or cause undue delay of existing deadlines. Accordingly, the Court GRANTS the motion to withdraw.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Attorney Valinoti's motion to withdraw. Because Defendant has not consented to the withdrawal and no substitution of counsel has been filed, all papers from the Court and from Plaintiff shall continue to be served on Attorney Valinoti for forwarding purposes until a substitution of counsel is filed. *See* Civil L.R. 11-5(b).

Because Defendant is a corporation, it is not able to appear in federal court except by counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Therefore, Defendant has 45 days from the date of this order to find substitute counsel. If Defendant files a notice of

3

substitution, the Court will set a new hearing date and briefing schedule regarding Plaintiff's motion for sanctions. If Defendant does not file a notice of substitution or request an extension of time, Plaintiff shall file a status report stating what relief it still seeks from Defendant[1] and how it wishes to proceed with the motion for sanctions.

Attorney Valinoti is instructed to serve this order on Defendant, and to file a proof of service of such service.

IT IS SO ORDERED.

Dated: August 28, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The Court notes that it is not inclined to award any sanctions against Attorney Valinoti, and that the motion for sanctions did not appear to raise any valid grounds to hold Attorney Valinoti responsible for Defendant's failure to comply with the Court's order.

4