UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNOVA RESEARCH SRL,<br><br>    Plaintiff,<br><br>v.<br><br>BEEBELL INC.,<br><br>    Defendant. | Case No. 16-cv-05114-KAW<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION IN PART**<br><br>Re: Dkt. No. 97 |

On October 26, 2018 Plaintiff Ennova Research SRL filed a motion to alter the judgment and add Mr. Cosimo Spera to the judgment. (Dkt. No. 82.) The hearing was set for December 20, 2018.[1] (Dkt. No. 90.) On December 20, 2018, Mr. Spera sent an e-mail to the Court stating that he was unable to attend the hearing because of back pain, and requested a continuation. (Dkt. No. 95.) That same day, the Court granted Mr. Spera's request for a continuation and continued the hearing to January 31, 2018. (Dkt. No. 96.)

Plaintiff then filed objections, requesting that the Court strike Mr. Spera's filing, vacate its order continuing the hearing, and hold the hearing.[2] (Dkt. No. 97.) In the alternative, Plaintiff sought to retract its consent to the undersigned jurisdiction.

The Court OVERULES Plaintiff's objections in part. The Court acknowledges that Plaintiff had no opportunity to respond to the request to continue the hearing and reconsiders its

---

[1] The December 20, 2018 hearing is for the motion to alter judgment only. The Court previously found it appropriate to rule on Plaintiff's motion for monetary sanctions and contempt without a hearing because Defendant could not appear in court. (*See* Dkt. No. 85.)

[2] Plaintiff complains of Defendant's improper communications with the Court, and argues that Defendant must be represented by counsel. (Dkt. No. 97 at 2.) Mr. Spera, however, is an individual who may appear pro se.

order granting the request to continue. The hearing will go forward as scheduled.

As to Plaintiff's attempt to retract its consent, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (internal citation omitted). The consent can be withdrawn by the court only for good cause or under extraordinary circumstances. *Id.*; *see also Campbell v. Obama*, Case No. 5:14-cv-3071-PSG, 2014 U.S. Dist. LEXIS 141204, at *2 (N.D. Cal. Oct. 3, 2014) ("Absent extraordinary circumstances and leave from the court, [the plaintiff] may not unilaterally revoke his consent to proceed before the undersigned in this case"); *Quinn v. Centerplate*, Case No. 14-cv-1254-NC, 2014 U.S. Dist. LEXIS 86611, at *9 (N.D. Cal. June 23, 2014) ("consent can be withdrawn only for good cause or extraordinary circumstances shown"). Disagreement with the Court's decisions satisfies neither the good cause or extraordinary circumstance requirement. *See Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 172 (5th Cir. 2011) ("Dissatisfaction with a magistrate judge's decision does not constitute 'extraordinary circumstances.'").

IT IS SO ORDERED.

Dated: December 20, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge