UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNOVA RESEARCH SRL, <br> Plaintiff, <br> v. <br> BEEBELL INC., <br> Defendant. | Case No. 16-cv-05114-KAW <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS** <br><br> Re: Dkt. No. 69 |

Plaintiff Ennova Research SRL filed the instant case against Defendant Beebell Inc., alleging breach of contract. (First Amended Compl., Dkt. No. 45.) Pending before the Court is Plaintiff's motion for sanctions and contempt. (Plf.'s Mot. for Sanctions, Dkt. No. 69.) In light of Defendant's failure to obtain counsel, the Court previously deemed it appropriate to rule on Plaintiff's motion. (Dkt. No. 85.) For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for sanctions.

## I. BACKGROUND

On September 14, 2017, the parties jointly submitted a proposed order for entry of judgment, which required that Defendant pay Plaintiff a total amount of $87,202.24. (Dkt. No. 57.) The Court entered judgment on September 14, 2017. (Dkt. No. 59.)

On February 13, 2018, Plaintiff moved for a judgment debtor exam based on Defendant's failure to satisfy the judgment. (Dkt. No. 63.) On March 1, 2018, the Court granted Plaintiff's motion for a judgment debtor exam as modified. (Dkt. No. 64.) On March 15, 2018, Plaintiff conducted the judgment debtor exam; Defendant, however, failed to produce all of the paperwork required, and the judgment debtor exam was continued. (Dkt. No. 65; June 20 Masserat Decl. ¶ 8, Dkt. No. 69-1.) The parties stipulated to continuing the judgment debtor exam to June 7, 2018.

(Dkt. No. 67.)

On June 7, 2018, the parties held the continued judgment debtor exam. (Dkt. No. 68.) Defendant, however, again failed to bring any of the documents he had been ordered to produce, including bank statements, financial statements, or tax returns. (June 20 Masserat Decl. ¶ 11.) The Court observed that Defendant's actions were a waste of the time of both the Court and Plaintiff's counsel, as well as a disregard of the Court's orders. The Court also noted its skepticism that Defendant intended to comply with the Court's orders.

On June 20, 2018, Plaintiff filed the instant motion for sanctions and contempt, seeking $11,412.50 in monetary sanctions against both Defendant and Defendant's counsel. (Plf.'s Mot. for Sanctions at 4.) On July 5, 2018, Defendant filed an opposition, raising only procedural objections to the motion. (Def.'s Opp'n at 2-3, Dkt. No. 71.) Defendant also asked for a continuance on the hearing, in light of the Defendant's counsel's intent to withdraw. (*Id.* at 3-4.) On August 3, 2018, Defendant's counsel filed his motion to withdraw as attorney of record. (Dkt. No. 74.) That same day, Plaintiff filed its late reply. (Plf.'s Reply, Dkt. No. 75.)

On August 7, 2018, the Court continued the hearing on Plaintiff's motion for sanctions. (Dkt. No. 76.) The Court also struck Plaintiff's reply in support of the motion for sanctions as late. (*Id.* at 1-2 n.1.) On August 29, 2018, the Court granted Defendant's counsel's motion to withdraw, and gave Defendant 45 days to find new counsel. (Dkt. No. 78 at 2-3.) The Court also noted that it was not inclined to award any sanctions against Defendant's counsel. (*Id.* at 4 n.1.) On September 5, 2018, Plaintiff withdrew the motion for sanctions as against Defendant's counsel. (Dkt. No. 80.)

On October 15, 2018, Plaintiff filed a status report, stating that Defendant had not secured substitute counsel. (Dkt. No. 81 at 2.) No notice of appearance on Defendant's behalf was filed, and on October 30, 2018, the Court determined that it was appropriate to rule on Plaintiff's motion for sanctions. (Dkt. No. 85 at 1.) The Court found, however, that Plaintiff's counsel failed to substantiate his request for attorney's fees, and ordered Plaintiff to provide supplemental briefing regarding the amount. (*Id.*) The Court warned that failure to provide sufficient documentation could result in the Court reducing the amount requested. (*Id.* at 2.) On November 1, 2018,

1 Plaintiff's counsel filed a supplemental brief and declaration, which now sought $10,798.18 in
2 sanctions. (Plf.'s Supp. Brief, Dkt. No. 86; November 1 Masserat Decl., Dkt. No. 86-1.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery from a judgment debtor in aid of the judgment or execution. "Federal Rule of Civil Procedure 37 provides for sanctions available for failure to make disclosures or cooperate in discovery." *Gordon v. Cty. of Alameda*, No. CV-06-2997-SBA, 2007 WL 1750207, at *2 (N.D. Cal. June 15, 2007). Specifically, Rule 37(b)(2)(A) states that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Rule 37(b)(2)(B) also states that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including the attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Additionally, "[c]ourts are invested with inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (internal quotation omitted). Those inherent powers include "the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Id.* (internal quotation and modification omitted).

## III. DISCUSSION

The Court finds that sanctions are appropriate in this case. Defendant has repeatedly failed to comply with the Court's discovery order regarding the documents Defendant is to provide at the judgment debtor exam, causing additional costs to Plaintiff and additional burden to the Court. While Defendant is currently unrepresented, other courts have issued monetary sanctions for failure to comply with discovery orders. *See Blasi v. United Debt Servs., LLC*, Case No. 2:14-cv-83, 2017 WL 2255525, at *2 (S.D. Ohio May 23, 2017) (awarding attorney's fees and costs against an unrepresented corporation as a sanction for failure to provide discovery).

3

Defendant raises a number of procedural objections, but does not challenge the motion on its merits. None of Defendant's procedural objections, however, warrant denying Plaintiff's motion, particularly when none are substantive or prejudicial to Defendant's rights. For example, Defendant complains that Plaintiff's motion fails to comply with Civil Local Rule 7-2(b) because the first paragraph does not include the date and time of the hearing, and the second paragraph does not include a concise statement of what relief Plaintiff seeks. (Def.'s Opp'n at 2.) There can be no dispute, however, that the motion clearly states what relief is sought, and that a hearing date and time is stated on the first page; Defendant is not affected by these failures. Likewise, the failure to provide a proposed order has no effect on Defendant's ability to defend against the motion. Finally, as to Civil Local Rule 7-8(d), which states that motions for sanctions may not be served and filed more than 14 days after entry of judgment by the district court unless otherwise ordered by the court, the Court finds this case to be unique in that the discovery orders and failure to comply occurred *after* the entry of judgment, as they concern the enforcement of the judgment. In this specific circumstance, the Court concludes that Plaintiff's failure to comply with Civil Local Rule 7-8(d) excusable.[1]

The Court therefore concludes that sanctions are warranted. Per Federal Rule of Civil Procedure 37, the Court holds Defendant in contempt for failing to obey its discovery orders regarding the judgment debtor exam. The Court also awards reasonable attorney's fees and costs. Having reviewed the declaration of Plaintiff's counsel, however, the Court does not find Plaintiff is entitled to $10,798.18, as requested.

First, Plaintiff seeks $9,647.50 in attorney's fees, or 22.70 hours billed at an hourly rate of $425. (November 1 Masserat Decl. ¶¶ 5, 11.) The Court finds that the $425 hourly rate is reasonable, given counsel's fifteen years of experience in civil litigation. The Court, however, finds that counsel's block-billing of fifteen hours for travel time and attendance at the debtor exam to be improper. Courts in this district have criticized block-billing when those entries were not sufficiently detailed to determine the reasonableness of the time spent on each task. *See Banas v.*

---

[1] If Plaintiff had requested permission to file the motion, the Court would have granted it.

4

*Volcano Corp.*, 47 F. Supp. 3d 957, 966 (N.D. Cal. 2014). Here, for example, counsel's flight arrived at 9:45 a.m., and the judgment debtor exam occurred at 1:30 p.m. The judgment debtor exam and court hearing ended at around 3:00 p.m., and counsel's flight departed at 6:55 p.m. There is no information in the block-billing of fifteen hours to suggest that the time between counsel's flight arrival and the start of the judgment debtor exam was spent on this case. Therefore, the Court will reduce 2.75 hours from this period. Similarly, there is no information that the time between the end of the judgment debtor exam/court hearing and counsel's flight departure was spent on the case. The Court will reduce 1.25 hours from this period. Thus, the Court will award eleven hours for this period, rather than the fifteen hours requested.

Additionally, the Court will permit recovery of the 4.5 hours spent drafting the motion for sanctions. The Court will not allow any recovery for review of Defendant's opposition or drafting of the reply brief because the reply brief was stricken after Plaintiff's counsel failed to timely file the reply. In total, the Court will award 15.5 hours at a $425 hourly rate, or $6,587.50 in attorney's fees.

Second, as to costs, the Court finds the $234.40 for airfare and $717.28 for the court reporter to be reasonable, as both costs are supported by receipts. (*See* November 1 Masserat Decl., Exh. 1.) Plaintiff's counsel fails to provide any receipts for his transportation or meals. The Court warned Plaintiff's counsel that failure to provide sufficient documentation could result in the Court reducing the amount sought; here, Plaintiff has provided no documentation for transportation or meals. Therefore, the Court will only allow costs of $951.68.

Accordingly, the Court will sanction Defendant in the amount of $7,539.18.

///
///
///
///
///
///
///

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for sanctions. The Court holds Defendant in contempt for failing to obey the Court's discovery orders as to the judgment debtor exam, and orders Defendant to pay Plaintiff $7539.18 in reasonable expenses.

IT IS SO ORDERED.

Dated: January 22, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge